UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IJAL SUDLER,

                                        Petitioner,

            vs.                                                          9:12-CV-367
                                                                         (NAM/ATB)
PATRICK GRIFFIN,

                                        Respondent.
_____

IJAL SUDLER, Petitioner, pro se
THOMAS B. LITSKY, Asst. Attorney General for Respondent

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

        This matter has been referred to me for Report and Recommendation pursuant
to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

        Petitioner brings this action for a writ of habeas corpus pursuant to 28 U.S.C.
§ 2254, challenging a judgment of conviction rendered in the Albany County Court on
February 15, 2008.  Petitioner was convicted after a jury trial of two counts of
Criminal Possession of a Controlled Substance, Third Degree, N.Y. Penal Law §
220.16[1] (Counts One and Three); one count of Criminal Possession of a Controlled
Substance, Fourth Degree, N.Y. Penal Law § 220.16[12] (Count Four); one count of
Criminal Possession of a Controlled Substance, Fourth Degree, N.Y. Penal Law §
220.09[1] (Count Two); and one count of Criminally Using Drug Paraphernalia,
Second Degree, N.Y. Penal Law § 220.50[2] (Count Six).[1]  Petitioner was sentenced

---

[1] Count Five of the indictment was dismissed at the close of proof on stipulation of the
parties.  (Oct. 16 Trial Tr. 419, Dkt. No. 13-11).

as a second felony offender to an aggregate determinate sentence of thirty years to be followed by three years of post-release supervision.  The Appellate Division, Third Department affirmed his conviction on July 22, 2010, and the New York Court of Appeals denied leave to appeal on December 1, 2010.  *People v. Sudler*, 75 A.D.3d 901, 906 N.Y.S.2d 373 (3d Dep't 2010), *lv. denied*, 15 N.Y.3d 956, 917 N.Y.S.2d 116, 942 N.E.2d 327 (2010).

Petitioner raises eight grounds in his amended petition for this court's review:

(1) the police lacked probable cause for petitioner's arrest and for the search warrant for Apartment 405, Bleeker Terrace ("apartment 405")[2];

(2) Detective Vincent should not have been permitted to testify as both a fact and expert witness;

(3) the trial court gave an improper jury instruction on the purpose of summations;

(4) the prosecutor engaged in misconduct by using the personal term "I" when asking the jury to find the petitioner guilty;

(5) the evidence was insufficient to establish petitioner's guilt;

(6) the trial court should have granted petitioner's motion for a mistrial after the prosecutor elicited testimony about an uncharged crime that was not part of the People's *Molineux*[3] application;

(7) ineffective assistance of trial counsel for failing to preserve the claims in

---

[2] Apartment 405 at Bleeker Terrace, Building 4, in Albany, was occupied by Kristle Walker.  She had given petitioner a key, and told police that petitioner stayed there from time to time.

[3] *People v. Molineux*, 168 N.Y. 264 (1901) (a defendant is entitled to a pre-trial hearing to determine the admissibility of the defendant's uncharged crimes as part of the People's direct case).

grounds 2, 3, and 4, above; and

(8)     the county court improperly found petitioner to be a second felony offender, and directed that certain sentences run consecutively.

Am. Pet. at 7–8, Dkt. No. 5.  Respondent has filed an answer and memorandum of law, together with the pertinent state court records.  (Dkt. Nos. 12–14).  For the following reasons, this will recommend dismissal of the petition.

**DISCUSSION**

## I.     <u>Factual Background</u>

After receiving tips from two informants that petitioner was in the area with drugs, the City of Albany Police Department surveilled petitioner's vehicle and apartment 405.  Police also listened to a cellular telephone conversation while an informant made arrangements for a controlled purchase of crack cocaine from petitioner.  Soon afterward, police arrested Boshaun Gregory, who was driving petitioner's car to deliver the drugs.  Petitioner was arrested after he arrived at the scene to retrieve his car.  After obtaining a warrant, police searched apartment 405 and found narcotics and drug paraphernalia.  *See People v. Sudler*, 75 A.D.3d at 901–02.

Petitioner was indicted on three counts of criminal possession of a controlled substance in the third degree, one count of criminal possession of a controlled substance in the fourth degree, one count of criminal possession of marijuana, and one count of criminally using drug paraphernalia in the second degree.  Petitioner's motion to suppress physical evidence was denied, and petitioner fled.  As a result, petitioner was tried in absentia by a jury.  *See People v. Sudler*, 75 A.D.3d at 902.  Petitioner

was subsequently arrested pursuant to a bench warrant on February 7, 2008, and sentenced on February 15, 2008 to thirty years of incarceration followed by three years of post-release supervision.  (Feb. 15th Sent. Tr. 2, 15, Dkt. No. 13-2).

## II.  Suppression

### A.  Legal Standards

In *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court held that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a petitioner may not challenge an allegedly unconstitutional search and seizure in an application for federal habeas relief.  *Id.* at 481–82; *see also Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992).  The Second Circuit has determined that review of a Fourth Amendment claim in a habeas corpus application is proper only if: (1) the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (2) the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in that process.  *See Capellan*, 975 F.2d at 70; *Gates v. Henderson*, 568 F.2d 830, 839–40 (2d Cir. 1977).  New York provides an approved mechanism for litigating Fourth Amendment claims.  *See Capellan*, 975 F.2d at 70 (citing N.Y. Crim. Proc. § 710.10 et seq.).

### B.  Application

Petitioner argues, as he did in his appeal to the Appellate Division, that his conviction should be overturned because his motion to suppress evidence should have been granted.  (*See* Am. Pet. 7–9; Dkt. No. 5).  Petitioner bases his claim on the

4

allegation that the officers arrested him and obtained a search warrant for apartment 405 without probable cause. *Id.* Petitioner's Fourth Amendment claim is barred from federal habeas review by *Stone v. Powell.* Petitioner utilized New York State's mechanism by making his motion to suppress, which the trial court denied. Petitioner then appealed the trial court's decision, and the Appellate Division denied his appeal and upheld the decision of the trial court. Petitioner has not here alleged any facts that would demonstrate an unconscionable breakdown of the process. Based upon *Stone,* petitioner cannot now challenge the legality of his arrest and the validity of the search warrant. Petitioner's claim based on the Fourth Amendment is barred from federal review and should be dismissed.

## III.  *Molineux*

### A.  Legal Standards

Evidentiary questions are generally matters of state law and raise no federal constitutional issue for habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1999) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions[;] [i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). A decision to admit evidence of a defendant's uncharged crimes or other bad acts under *People v. Molineux*, 61 N.E. 286 (N.Y. 1901), constitutes an evidentiary ruling based on state law. *Sierra v. Burge,* No. 06-CV-14432, 2007 WL 4218926, at *5 (S.D.N.Y. Nov. 30, 2007) (citing *Roldan v. Artuz*, 78 F. Supp. 2d 260, 276–77 (S.D.N.Y. 2000) ("A habeas claim asserting a right to relief

on *Molineux* grounds must rise to the level of a constitutional violation . . . because *Molineux* is a state law issue.") (citations omitted)). Federal courts may issue a writ of *habeas corpus* based upon a state evidentiary error only if the petitioner demonstrates that the alleged error violated an identifiable constitutional right, and that the error was "so extremely unfair that its admission violates fundamental conceptions of justice." *Dunnigan,* 137 F.3d at 125 (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)); *see Jones v. Conway*, 442 F. Supp. 2d 113, 130 (S.D.N.Y. 2006). Petitioner "bears a heavy burden because evidentiary errors generally do not rise to constitutional magnitude." *Sierra*, 2007 WL 4218926, at *5 (quoting *Copes v. Shriver*, No. 97-2284, 1997 WL 659096, at *3 (S.D.N.Y. Oct. 22, 1997) (citations omitted)).

### B.  Application

Petitioner claims that the trial court erred when it denied petitioner's motion for a mistrial and petitioner's motion to set aside the verdict on the ground that the prosecution had allegedly violated *Molineux*. (Am. Compl. 10–11, Dkt. No. 5) The prosecutor elicited testimony from Detective Vincent that petitioner had previously supplied drugs to informant Ernestine Smith on an occasion not charged in the indictment. (Am. Compl. 10–11, Dkt. No. 5). Trial counsel objected to this testimony, and moved for a mistrial on the ground that the uncharged crime was not part of the prosecutor's *Molineux* application. (October 16 Trial Tr. 11–12, Dkt. No. 13-11).

The trial court found that petitioner knew that Smith had allegedly worked with

police to set up the transaction with petitioner that was the subject of the indictment; thus petitioner had sufficient notice of the uncharged crime as being an intrinsic part of the indicted charges against petitioner. (October 16 Trial Tr. 14, Dkt. No. 13-11). The trial court denied petitioner's motion and gave the jury a limiting instruction. (Oct. 16 Trial Tr. 67–68, Dkt. No. 13-11).

The above issues raised only an evidentiary claim that was not resolved in petitioner's favor. He did not claim in state court, and he does not claim here, that his *Molineux* claim rose to the level of a constitutional claim. Here, petitioner is merely rearguing his state evidentiary claim. Because petitioner failed to assert his claim based on *Molineux* in federal constitutional terms, this claim is noncognizable and should be dismissed.[4]

## IV. **Exhaustion**

### A. **Legal Standard**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, . . . thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365, (1995) (internal quotation

---

[4] In any event, petitioner has not demonstrated that evidence of his prior dealings with Ernestine Smith was improperly admitted under New York law. This evidence was admitted not to show petitioner's propensity to possess and sell drugs, but to show how he became the target of the investigation and to give background about Ernestine Smith's prior interactions with petitioner and her role in the investigation. The Appellate Division held that the testimony was admissible because it was "inextricably interwoven with the charged crimes," "probative of intent to sell," and "more probative than prejudicial." *People v. Sudler*, 75 A.D.3d at 904. The admission of this testimony did not render the trial "so extremely unfair" as to "violate fundamental conceptions of justice." *Dunnigan*, 137 F.3d at 125.

and other citations omitted); 28 U.S.C. § 2254(b)(1). The prisoner must "fairly present" his claim in each appropriate state court, including the highest court with powers of discretionary review, thereby alerting that court to the federal nature of the claim. *Id.*; *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994).

"A habeas petitioner has a number of ways to fairly present a claim in state court without citing 'chapter and verse' of the Constitution, including '(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.'" *Hernandez v. Conway*, 485 F. Supp. 2d at 273 (quoting *Daye v. Attorney General*, 696 F.2d 186, 194 (2d Cir.1982)).

### B. Application

Petitioner exhausted his prosecutorial misconduct claim, his legal sufficiency claim, and his ineffective assistance of counsel claim. Petitioner failed to exhaust his expert witness claim and his jury charge claim relating to the purpose of summation because he failed to assert them in federal constitutional terms, and neither of these claims "immediately" brings to mind a right protected by the federal constitution. (Pl.'s Appellate Div. Br. 23–35, Dkt. No. 13-1). As stated above, evidentiary rulings are generally based on state law principles. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1999) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions[;] [i]n conducting habeas review, a federal court

is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). The same is true for claims relating to jury charges. *Saracina v. Artus*, 452 Fed. App'x 44, 46 (2d Cir. 2011) (citing *Estelle*, 502 U.S. at 67–68). Thus, petitioner has failed to exhaust his expert witness claim and his jury charge claim.

Respondent argues that petitioner also failed to exhaust his sentencing claims, because he failed to raise them in any form on direct appeal. (Def.'s Br. 22–23; *see also* Pet.'s Appellate Div. Br., Dkt. No. 13-1). However, petitioner has two sentencing claims. Respondent is correct that petitioner failed to make his claim based on the court sentencing him as a second felony offender in federal constitutional terms. (*See* Pet.'s Appellate. Div. Br. 50–52, Dkt. No. 13-1). As will be discussed below, that portion of petitioner's sentencing claims is noncognizable on federal habeas review. However, petitioner made his sentencing claim based on the alleged gross disproportionality of his sentence in federal terms when he cited *Solem v. Helm*, 463 U.S. 277 (1983), and *Harmelin v. Michigan*, 501 U.S. 957 (1991), in his direct appeal to the appellate division. (Pl.'s Appellate Div. Br. 51, Dkt. No. 13-1). Petitioner argued that serving two concurrent sentences consecutively to his other two concurrent sentences, totaling 30 years of incarceration, was grossly disproportionate. (Pet.'s Appellate Br. 50–52, Dkt. No. 13-1). Thus, one of petitioner's sentencing claims is exhausted while the other is not.

If a petitioner has failed to exhaust his state-court remedies, but such remedies are no longer available, then his claims are "deemed" exhausted, but may also be

barred by procedural default. *See Bossett v. Walker*, 41 F.3d at 828; *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001).

## V.    **Procedural Bar**

### A.    **Legal Standard**

A federal judge may not issue a writ of habeas corpus if an adequate and independent state-law ground justifies the prisoner's detention, regardless of the federal claim. *See Wainwright v. Sykes*, 433 U.S. 72, 81–85 (1977). A federal habeas court generally will not consider a federal issue in a case if a state court decision "'rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Garvey v. Duncan*, 485 F.3d 709, 713 (2d Cir. 2007) (quoting *Lee v. Kemna*, 534 U.S. 362, 375 (2002)) (emphasis added). This rule applies whether the independent state law ground is substantive or procedural. *Id*.

A state prisoner who has procedurally defaulted on a federal claim in state court may only obtain federal habeas review of that claim if he can show both cause for the default and actual prejudice resulting from the alleged violation of federal law, or if he can show that he is "actually innocent." *Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008) (internal quotation and citations omitted). "Cause" exists if "the prisoner can show that some objective factor external to the defense impeded counsel's effort to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice exists if there is a "reasonable probability" that the result of the proceeding would have been different absent the alleged constitutional violation. *Stickler v. Greene*, 527 U.S. 263, 289 (1999).

10

## B. Application

### 1. Prosecutorial Misconduct

Petitioner argues that the prosecutor committed misconduct by using the personal term "I" when asking the jury to find the petitioner guilty. (Am. Pet. at 10, Dkt. No. 5). During his summation, the prosecutor stated, "ladies and gentlemen, I'll ask you to find the defendant guilty" and "what I'm asking you to do is hold [petitioner] responsible." (October 18–19 Trial Transcript 472, 475, Dkt. No. 13-12).

The Appellate Division found that petitioner's prosecutorial misconduct claim was not preserved for appellate review because no objection on that ground was made during the trial. *People v. Sudler*, 75 A.D.3d at 905 (citing, *inter alia*, N.Y. Crim. Proc. Law § 470.05(2). The Appellate Division also held that "the prosecutor's use of the word 'I' during summation 'was merely stylistic and not an impermissible expression of personal opinion,'" and that the "prosecutor's further comments were neither so egregious nor pervasive as to deprive defendant of a fair trial." *People v. Sudler*, 75 A.D.3d at 906 (citations omitted). New York's contemporaneous objection rule provides that issues not raised at trial, and issues that are not preserved by a specific objection at the time of a claimed error, will not be considered on appeal. N.Y. Crim. Proc. Law § 470.50(2). Petitioner has not established cause[5] or prejudice,

---

[5] Petitioner also raises counsel's failure to object to this and other alleged evidentiary errors in the context of ineffective assistance of counsel, which, if successful, could constitute cause. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). In order to establish cause for a procedural default, the ineffective assistance of counsel claim must be exhausted in the state courts as an independent claim. *Id.* For the reasons discussed in the section analyzing petitioner's ineffective assistance of counsel claims, this court finds that counsel was not ineffective. Therefore, even though petitioner properly exhausted his ineffective assistance of counsel claim, it cannot serve to establish cause for

and his claim based on prosecutorial misconduct is procedurally barred from federal habeas review. *Id.*

## 2. Sufficiency of Evidence

Petitioner argues that the evidence was insufficient to establish his guilt beyond a reasonable doubt because witness testimony was incredible as a matter of law. (Am. Pet. 10, Dkt. No. 5). The Appellate Division found that petitioner's claim based on alleged legal insufficiency was not preserved for appellate review because trial counsel's general motion for a trial order of dismissal at the close of proof was not sufficient to preserve this claim as it was not specifically directed at the alleged error. *People v. Sudler*, 75 A.D.3d at 904 (citing, *inter alia*, N.Y. Crim. Proc. Law § 290.10; *People v. Gray*, 86 N.Y.2d 10, 19 (1995) (internal quotation marks omitted). The Appellate Division also found that trial counsel's post-trial motion to set aside the verdict on the insufficiency ground was properly denied because an appellate court cannot address an insufficiency argument unless it has been properly preserved for review during trial. *People v. Sudler*, 75 A.D.3d at 904 (citing, *inter alia*, N.Y. Crim. Proc. Law § 330.30 [1]; *People v. Hines*, 97 N.Y.2d 56, 61 (2001) (internal quotation marks omitted)).

Petitioner has not alleged cause or prejudice, and he has not established actual innocence. Thus his claim based on the alleged insufficiency of the evidence is procedurally defaulted and barred from federal habeas review on adequate and independent state law grounds. *Id.*

---

the purpose of overcoming the procedural default.

### 3.  Expert Testimony

Petitioner claims that because Detective Vincent was not declared an expert, it was improper for him to offer expert testimony.  (Am. Pet. at 9–10, Dkt. No. 5).  At trial, Detective O'Hare testified that he recovered crack cocaine, small plastic bags, a plastic plate, razor blades, and a safe containing cocaine from a bedroom at Apartment 405.  (Trial Trans. 343–44, 353–54, Dkt. No. 13-11).  Detective Vincent then testified that he had been working on narcotics cases for a number of years, participating in over a thousand arrests, and that plastic bags, like the ones seized inside Apartment 405, are "commonly used to package narcotics" for sale.  (Trial Trans. 40–41, Dkt. No. 13-11).  Because petitioner failed to raise this claim in Federal Constitutional terms on direct appeal, this claim is unexhausted.  However, this claim is also procedurally barred because trial counsel did not object to this evidence.  Petitioner has not established cause[6] or prejudice, and his claim based on Detective Vincent testifying as an expert is procedurally defaulted and barred from federal habeas review on adequate and independent state law grounds.[7]  *Id.*

---

[6] Petitioner also raises counsel's failure to object to this and other alleged evidentiary errors in the context of ineffective assistance of counsel, which, if successful, could constitute cause.  *See* note 5, above.  For the reasons below, this court finds that counsel was not ineffective.  Therefore, even though petitioner properly exhausted his ineffective assistance of counsel claim, it cannot serve to establish cause for the purpose of overcoming the procedural default.

[7] The Appellate Division also held that Detective Vincent's testimony that the plastic bags found in Apartment 405 were the type usually used to package drugs and that the circumstances indicated that the drugs found by police were packaged with the intent to sell were not within the knowledge and experience of the average juror.  *People v. Sudler*, 75 A.D.3d at 905.  The Appellate Division pointed out that under New York State law, qualified police officers may testify as experts, no explicit explanation that the officer was testifying as an expert was required, and Detective Vincent's testimony as to his education, training, and experience in

### 4. Jury Charge

Petitioner claims the trial court gave an improper instruction on the purpose of summations. (Am. Pet. at 10; Dkt. No. 5). The court instructed the jury:

> In their summations, counsel will refer to the evidence that you have heard and seen during the course of this trial and will suggest to you certain inferences and conclusions which they, in their opinion, believe may be properly drawn from the evidence. And that's the purpose of summations.
>
> If you find that an attorney's analysis of the evidence is correct and that the evidence as summed up and analyzed by that attorney is accurate, and if you find that the inferences and conclusions which you're asked to draw are logical and sensible, then you are at liberty to adopt those inferences and conclusions either in whole or in part. On the other hand, if you believe that either attorney's analysis of the facts or inferences and conclusions which you're asked to draw are illogical or not supported by the evidence, then you may disregard them in while or in part. You are, of course, free to draw your own conclusion from the evidence.
>
> Please bear in mind, ladies and gentlemen, that nothing the attorneys say in their summations is evidence and nothing that I will say during my instructions to you is evidence. You have heard all of the evidence. You and you alone are the sole and exclusive judges of the facts in this case . . .

(October 18–19 Trial Tr. 432–33, Dkt. No. 13-12). The court also instructed the jury on summations during final jury instructions:

> In their summations, the District Attorney and defense counsel have commented on the evidence and have suggested to you certain inferences and conclusions you might reasonably and logically draw from the evidence. The summations of counsel are, of course, not evidence.

---

narcotics investigations provided a sufficient foundation. *Id.* (citing *People v. Hicks*, 2 N.Y.3d 750, 751, 811 N.E.2d 7, 778 N.Y.S.2d 745 (2004); *People v. Davis*, 235 A.D.2d 941, 943, 653 N.Y.S.2d 404 (1997); *People v. Lamont*, 21 A.D.3d 1129, 1132, 800 N.Y.S.2d 480 (2005).

However, if the arguments of counsel strike you as reasonable and logical and supported by the evidence, you may adopt them. On the other hand, if you find those arguments to be unreasonable or illogical or unsupported by the evidence, you may reject them. In the last analysis, it is the function of you the jurors to draw your own inferences or conclusions from the evidence as you recollect it and as you found that evidence to be credible and believable.

(October 18–19 Trial Tr. 481–482, Dkt. No. 13-12).

The Appellate Division found that petitioner's claim based on an inappropriate jury charge was not preserved for appellate review because no objection on that ground was made during the trial. *People v. Sudler*, 75 A.D.3d at 905 (citing, *inter alia*, N.Y. Crim. Proc. Law § 470.05(2). Petitioner has not established cause[8] or prejudice, and his jury charge claim is barred from federal habeas review on adequate and independent state law grounds.[9] *Id.*

## VI. Review of Remaining Claims on the Merits

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

---

[8] Petitioner also raises counsel's failure to object to this and other alleged evidentiary errors in the context of ineffective assistance of counsel, which, if successful, could constitute cause. *See* note 5, above. For the reasons discussed below, this court finds that counsel was not ineffective. Therefore, even though petitioner properly exhausted his ineffective assistance of counsel claim, it cannot serve to establish cause for the purpose of overcoming the procedural default.

[9] The Appellate Division also found that petitioner's jury charge claim was meritless, finding that "it [was] readily apparent when read in context that the court did no more than instruct that each side would be presenting its theory of the case," and that the charge "fairly instructed the jury on the correct principles of law to be applied to the case." *People v. Sudler*, 75 A.D.3d at 905–06 (internal quotations and citations omitted).

provides that, when a state court has adjudicated the merits of a petitioner's claim, a federal court may grant an application for a writ of habeas corpus only if "the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See also, e.g.*, *Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir. 2001); *Brown v. Alexander*, 543 F.3d 94, 100 (2d Cir. 2008). This is a "difficult to meet," and "highly deferential standard for evaluating state-court rulings, which demands that state court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, __ U.S. __, __, 131 S. Ct. 1388, 1398 (2011) (citations omitted).

A state-court decision is "contrary to" clearly established federal law if the state court's conclusion on a question of law is "opposite" to that of the Supreme Court or if the state court decides a case differently than the Supreme Court's decision "on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision involves an unreasonable application of clearly established Supreme Court precedent if it correctly identifies the governing legal principle, but unreasonably applies or unreasonably refuses to extend that principle to the facts of a particular case. *Id.*

Under the AEDPA, a state court's factual findings are presumed correct, unless

that presumption is rebutted by clear and convincing evidence.  28 U.S.C. §

2254(e)(1).  If the state court failed to decide a claim "on the merits," the pre-AEDPA

standard of review applies, and both questions of law and mixed questions of law and

fact are reviewed *de novo*.  *Washington v. Shriver*, 255 F.3d 45, 55 (2d Cir. 2001).

### B.     Application

#### 1.     Ineffective Assistance of Counsel

Petitioner exhausted his ineffective assistance of counsel claim, and the state

court denied this on the merits.  Petitioner argues that trial counsel was ineffective

because he did not object to Detective Vincent's testimony, the jury instructions, or

the prosecutor's use of the pronoun "I" in his summation.  (Am. Pet. 11, Dkt. No. 5).

The general standard for ineffective assistance of counsel, which applies to both trial

and appellate counsel, was articulated by the Supreme Court in *Strickland v.*

*Washington*, 466 U.S. 668, 687–696 (1984); *McKee v. United States*, 167 F.3d 103,

106 (2d Cir. 1999) (*Strickland* standard also applies to effectiveness of appellate

counsel).  This test requires an affirmative showing that counsel's performance fell

below an objective standard of reasonableness, and that prejudice resulted because

there was a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different.  *Strickland*, 466 U.S. at 688, 694.

When assessing counsel's performance, courts "'indulge a strong presumption

that counsel's conduct falls within the wide range of reasonable professional

assistance.'" *Jackson v. Leonardo*, 162 F.3d 81, 85 (2d Cir. 1998) (quoting *Strickland*, 466 U.S. at 689). Courts should not use hindsight to second-guess sound tactical decisions made by attorneys. *McKee v. United States*, 167 F.3d at 106 (citing *Strickland*, 466 U.S. at 689).

In evaluating the prejudice component of *Strickland*, a "reasonable probability" that the outcome of the proceeding would have been different means "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, Unlike the performance determination, the prejudice analysis may be made with the benefit of hindsight. *McKee v. United States*, 167 F.3d at 106–107 (citing, *inter alia*, *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). *See also Mickens v. Taylor*, 535 U.S. 162, 166 (2002) (explaining the limited exceptions to general rule requiring showing of prejudice).

As explained above, the Appellate Division addressed petitioner's claims based on trial counsel's failure to object to Detective Vincent testifying as an expert, the trial court's jury instructions regarding summations, and the prosecutor's use of the pronoun "I" in his summation. The Appellate Division found each claim to be meritless, and trial counsel cannot be faulted for failing to raise a meritless objection. *See United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999) ("Failure to make a meritless argument does not amount to ineffective assistance.").

## 2. Sentencing

Petitioner claims that his sentence was excessive because 1) the trial court improperly sentenced him as a second felony offender based on a previous Connecticut felony conviction without proof that petitioner was actually the defendant in that case and 2) because the trial court directed that the sentence imposed for the two counts based on the cocaine seized from Boshaun Gregory's person (Count One and Count Two) run consecutively to the sentences imposed for the two counts based on the cocaine seized from inside Apartment 405 (Count Three and Count Four).[10] (Am. Pet. 11; Dkt. No. 5).

### i. Sentencing as a Second Felony Offender

Petitioner's claim that the trial court improperly sentenced him as a second felony offender is noncognizable.[11] "[W]hether a New York Court erred in applying a

---

[10] The one-year determinate sentence for Count Six, a misdemeanor, merged with the other sentences. (Feb. 15 Sentencing Tr. 15; Dkt. No .13-12).

[11] The court also notes that this claim is not exhausted, because petitioner did not bring the claim on his direct appeal. (*See* Pet.'s App. Br. 50–52, Dkt. No. 13-1). Although petitioner did raise sentencing claims on appeal, they were related to the alleged disproportionality of his sentence, as will be discussed in the next section. Because the claim is unexhausted, and petitioner would not be able to return to state court to raise this claim, the claim is also procedurally defaulted. *See Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994) (If a petitioner has not exhausted his state-court remedies, but no longer has remedies available in state court with regard to these claims, they are "deemed" exhausted, but are also procedurally defaulted.) A state prisoner who has procedurally defaulted on a federal claim in state court may only obtain federal habeas review of that claim if he can show both cause for the default and actual prejudice resulting from the alleged violation of federal law, or if he can show that he is "actually innocent." *Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008) (internal quotation and citations omitted). Petitioner cites no cause or prejudice. This is an alternative basis for dismissal of this claim.

New York recidivist sentencing enhancement statute is a question of New York State law, not a question of fact, and the province of a federal habeas court is not to reexamine state-court determinations on state-law questions." *Gilbo v. Artus*, No. 9:10-CV-0455, 2013 U.S. Dist. LEXIS 5539, *50, 2013 WL 160270 (N.D.N.Y. Jan. 15, 2013) (quoting *Saracina v. Artus*, 452 Fed. App'x 44, 46 (2d Cir. 2011) (internal quotations and citations omitted).

### ii.    Consecutive Sentences

In his appeal, petitioner argued that his sentence was excessive and grossly disproportionate. (Pet.'s App. Br. 50–51, Dkt. No. 13-1). Petitioner also cited *Solem v. Helm*, 463 U.S. 277 (1983), and *Harmelin v. Michigan*, 501 U.S. 957 (1991), when discussing the alleged disproportionality of his sentence, which allowed the Appellate Division to consider petitioner's sentence in federal constitutional terms. Thus, petitioner's claim that his sentence was disproportionate was exhausted, and this court will now consider whether the court's denial of petitioner's sentencing claim was contrary to, or an unreasonable application of clearly applicable federal constitutional law.

The Eighth Amendment forbids only *extreme* sentences which are "grossly disproportionate" to the crime of conviction. *Lockyer v. Andrade*, 538 U.S. 63, 72–73 (2003). The Second Circuit has consistently held that "[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law."

*White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). *See also*, *Ewing v. California*, 538 U.S. 11, 25 (2003); *Ross v. Conway*, 9:08-CV-731, 2010 U.S. Dist. LEXIS 141102, *52, 2010 WL 5775092 (N.D.N.Y. Dec. 6, 2010).

Petitioner contends that his sentence of two concurrent fifteen-year sentences consecutive to two concurrent fifteen-year sentences followed by three years of post-release supervision was harsh and severe. The crime of third-degree criminal possession of a controlled substance is a Class B felony, requiring a determinate sentence of 9 to 25 years (*see* N.Y. Penal Law § 70.06(3)[b]), and period of post-release supervision of 2 to 12 years (*see* N.Y. Penal Law § 70.70(3)(b)[i]). Petitioner's sentences fell within the applicable statutory range and, in response to an Eighth Amendment claim on appeal, the Appellate Division found that the sentence was not unduly harsh or severe. *People v. Sudler*, 75 A.D.3d at 906.

The Second Circuit has consistently held that "[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). *See also Bellavia v. Fogg,* 613 F.2d 369, 373-74, n.7 (2d Cir. 1979) (sentencing is properly the province of the state legislature, and long mandatory sentence imposed pursuant to statute did not constitute cruel and unusual punishment)*; Ewing v. California*, 538 U.S. 11, 25 (2003). The Eighth Amendment forbids only extreme sentences which are "grossly disproportionate" to the crime of conviction. *Lockyer v. Andrade*, 538 U.S. 63, 72-73

(2003).

"The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Id*. at 77. Outside of the context of capital punishment, successful challenges to the proportionality of particular sentences under the Eighth Amendment have been "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). The Supreme Court in *Lockyer* held that a state appeals court's determination that a habeas petitioner's sentence of two consecutive prison terms of 25 years to life for petty theft under California's "Three Strikes" law was not disproportionate, did not constitute cruel and unusual punishment, and was not an unreasonable application of clearly established Supreme Court law. *Lockyer*, 538 U.S. at 77. Under these standards, the Appellate Division's decision that the petitioner's sentence of 30 years was not unduly harsh or severe is not contrary to, or an unreasonable application of clearly applicable federal constitutional law.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED**, and it is further

**RECOMMENDED**, that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT**

22

**TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

*Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed.

R. Civ. P. 72.

Dated: August 1, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge